# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 23-1038V
UNPUBLISHED

| | |
|---|---|
| ANGELA WALKER,<br><br>　　　　　　Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　Respondent. | Chief Special Master Corcoran<br><br><br>Filed: February 29, 2024 |

*Andrew D. Downing*, Downing, Allison & Jorgenson, Phoenix, AZ, for Petitioner.

*Julia M. Collison*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On July 5, 2023, Angela Walker filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa—10 through 34  (the "Vaccine Act"). Petitioner alleges that she suffered various injuries from human papillomavirus ("HPV") vaccinations she received on November 17, 2008, January 19, 2009, and August 14, 2015. ECF No. 1 at 2.

Because the petition was untimely filed, and Petitioner has failed to establish a basis for equitable tolling, this case is **DISMISSED**.

## Relevant Factual Background

After the first two HPV vaccinations in 2008 and 2009, but before the third vaccination in 2015, Petitioner stated she began experiencing "symptoms of autonomic dysfunction." ECF No. 1 ¶ 4. After the third vaccination, Petitioner began experiencing major symptoms such as severe chronic headaches, extreme fatigue, constant dizziness when standing, passing out and falling, difficulty in concentrating, remembering, difficulty in communicating effectively, difficulty walking long distances, severe sleep disturbances,

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at  https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

insomnia, abnormal sensations, and widespread chronic pain. *Id.* ¶¶ 5, 6. Petitioner was diagnosed with chronic fatigue syndrome in November 2016. *Id.* ¶ 7.

Petitioner alleged the preceding medical history in the petition and repeated the history in her response to the order to show cause. Facially, Petitioner's claim herein was filed almost *eight* years after her last HPV dose, which was administered in 2015, and at least *seven* years from the time she began manifesting symptoms after the most recent HPV vaccination. But Petitioner maintains her delay is excusable. Thus, in an affidavit dated June 27, 2023, Petitioner has attested that, at the time these vaccinations occurred, no Vaccine Information Statements (VIS) were provided and no information was relayed about the Vaccine Program. Exhibit 1 ¶ 2. Petitioner only learned that the HPV vaccine might be capable of causing adverse effects in April 2023, but then immediately contacted an attorney thereafter. Exhibit 10 ¶ 8.

## Relevant Procedural History

Given that the timeliness of the claim was legitimately called into question merely by the face of the actual petition, while the case was still in the initial "pre-assignment review" (a process utilized by the Office of Special Masters to assess whether a claim's primary evidentiary documentation has been filed), I ordered Petitioner to show cause why the claim had not been filed outside the Act's 36-month statute of limitations. Sec. 16(a)(2); ECF No. 8.

On November 28, 2023, Petitioner filed a response. ECF No. 10. Petitioner did not dispute the most recent onset of symptoms in 2015, or that her petition was filed in 2023 (and not sooner than 2018, the statute of limitations deadline), but instead argued that the limitations period should be equitably tolled. Petitioner asserted that she had diligently pursued her rights once she realized the connection between her injuries and the HPV vaccine and became aware of the Vaccine Program. Petitioner also made allegations not relevant to a Vaccine Act claim, about the perfidious conduct of the vaccine manufacturer in fraudulently concealing the HPV vaccine's harmful character from the public. ECF No. 10 at 20. Relatedly, Petitioner argued that the failure of a healthcare professional to provide her with a VIS at the time of vaccination can be attributed to the Department of Health and Human Services' failure to systematically ensure that VIS are provided and explained to all vaccine recipients. *Id.* at 6.

On December 5, 2023, Respondent submitted a responsive brief of his own, arguing for dismissal due to untimeliness. ECF No. 12. Respondent maintained that Petitioner in fact had not diligently pursued her rights before filing a vaccine claim in 2023. Respondent also disputed the veracity of contentions about the manufacturer's conduct, and whether it could in any event constitute an extraordinary circumstance that would serve as a basis for tolling of the statute of limitations.

On December 19, 2023, Petitioner filed a reply to Respondent's arguments. ECF No. 14. The reply generally reiterates Petitioner's prior arguments.

## **Legal Standards**

The Vaccine Act's statute of limitations is thirty-six months. Sec. 16(a)(2). The statute begins to run from the manifestation of the first objectively cognizable symptom, whether or not that symptom is sufficient for diagnosis (or even recognized by a claimant as significant). *Id.*; *Carson v. Sec'y of Health & Hum. Servs.*, 727 F.3d 1365, 1369 (Fed. Cir. 2013).

The Federal Circuit has held that the doctrine of equitable tolling can apply to Vaccine Act's statute of limitations. *See Cloer v. Sec'y of Health & Hum. Servs.*, 654 F.3d 1322, 1340-41 (Fed. Cir. 2011). However, in keeping with applicable U.S. Supreme Court precedent, equitable tolling of a limitations period is to be permitted "sparingly." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, (1990). The appropriateness of equitable tolling is ultimately to be determined on a case-by-case basis, without rigid application of any relevant overarching guidelines. *Holland v. Florida*, 560 U.S. 631, 649–50 (2010); *accord Arctic Slope Native Ass'n v. Sebelius*, 699 F.3d 1289, 1295 (Fed. Cir. 2012).

Petitioners must prove two elements to establish equitable tolling: (1) that petitioner diligently pursued her rights, and (2) an extraordinary circumstance prevented her from timely filing the claim. *K.G. v. Sec'y of Health & Hum. Servs.*, 951 F.3d 1374, 1379 (Fed. Cir. 2020) *(*citing *Menominee Indian Tribe v. United States*, 577 U.S. 250, 255 (2016)). When first articulating this limited exception to equitable tolling, the Federal Circuit primarily enumerated fraud and duress—but not, for example, *lack of awareness* on a petitioner's part that she might have an actionable claim. *Cloer*, 654 F.3d at 1344–45 (noting that tolling of the Vaccine Act's statute of limitations period is not triggered "due to unawareness of a causal link between an injury and administration of a vaccine").

## **Analysis**

The untimeliness of this filing is acknowledged by Petitioner, so the only question to be resolved is whether equitable tolling should save the claim. But Petitioner has failed to establish both elements of equitable tolling – diligent pursuit and extraordinary circumstances.

*A) Diligent pursuit*

Petitioner was twenty-two years old when she received the November 17, 2008 and January 19, 2009 HPV vaccinations and was twenty-nine years old when she

received the August 14, 2015 HPV vaccination. Petitioner argues that she was impeded by the failure of the vaccine administrators to provide her with a VIS or any other information about the Vaccine Program at the vaccination appointments. Petitioner only began to diligently pursue a vaccine claim in 2023 through an attorney soon after she learned that the HPV vaccine had potential adverse effects.

These arguments are wholly unpersuasive. It is beyond question that claims asserted in the Vaccine Program are not subject to a "discovery rule," accruing only when a claimant *learns* he or she might possess a cause of action. Rather, the statute of limitations period is triggered by the onset of Petitioner's symptoms – whether or not onset was understood to be the start of the claimed injurious illness or condition. *Cloer v. Sec'y of Health & Hum. Servs.*, 654 F.3d 1322, 1340 (Fed. Cir. 2011) (en banc). And the failure to be advised of the Vaccine Program or the Act does not support equitable tolling of the statute of limitations period for an otherwise-untimely filed petition. *Speights v. Sec'y of Health & Hum. Servs.*, No. 03-2619V, 2013 WL 5944084, at *13 (Fed. Cl. Spec. Mstr. Oct. 17, 2013). Thus, a petitioner cannot generally shield an untimely claim from dismissal by asserting, even in good faith, that she literally was unaware of her Vaccine Act "rights."

### B) *Extraordinary Circumstances*

Petitioner's arguments about the purported fraudulent conduct of the vaccine's manufacturer, in hiding proof of the vaccine's dangers, deserve even less consideration. ECF No. 8 at 20. As a threshold matter, these contentions are speculative and not evidentiarily-supported. And regardless of their actual truth, the fact remains that the Government *has approved* the HPV vaccine for administration to minors, rendering it "covered" under the Act.[2] The only issue to be resolved in a Program case is whether (assuming, as here, the claim is not a Table claim) the claim meets the standards for causation – and those standards have nothing to do with a manufacturer's alleged misconduct in preparation or promotion of the underlying vaccine.

These allegations also are not a basis for tolling under the circumstances. Petitioner simply has not shown that contentions of corporate misconduct not specific to, or directed at, her personally could rise to the level of the kind of "fraud" that might excuse failing to file a Program claim in a timely manner. Nor has she persuasively established that the vaccine administrator's "failure to warn," or provide a VIS in 2008, 2009, or 2015, is an extraordinary circumstance. Even assuming the factual accuracy of that allegation,[3]

---

[2] The HPV vaccine was first added to the Table in 2007. 42 C.F.R. § 100.3 (Vaccine Injury Table); National Vaccine Injury Compensation Program: Addition of Meningococcal and Human Papillomavirus (HPV) Vaccines to the Vaccine Injury Table, 72 Fed. Reg. 19937 (Apr. 20, 2007).

[3] In an affidavit dated June 27, 2023, Petitioner attested that she did not receive a VIS or any information about the Vaccine Program following the three HPV vaccinations in 2008, 2009, and 2015. Exhibit 1 ¶ 2. But the contemporaneous medical records for the 2008 and 2009 HPV vaccinations state that Petitioner

it remains the case (as the Circuit recognized in *Cloer*) that vaccine claims accrue upon onset – and that the failure to be advised of the Vaccine Program does not support equitable tolling. *Cloer,* 654 F.3d at 1340; *see also Speights,* 2013 WL 5944084, at \*13. And arguments about governmental agency knowledge of a failure to warn reflect overheated, almost-conspiratorial allegations that do not come close to excusing the claim's untimely nature.

Finally, Petitioner also asserts that the safety of the HPV vaccine is "heavily disputed and should not be resolved on these papers alone." ECF No. 14 at 15. But this argument willfully ignores the extent to which I have personally ruled in numerous prior cases that medical science does not preponderantly support the contention that the HPV vaccine can cause various autonomic issues. S*ee,* e.g., *Hughes v. Sec'y of Health & Hum. Servs.*, No. 16-930V, 2021 WL 839092, at \*31 (Fed. Cl. Spec. Mstr. Jan. 4, 2021), *mot. for review denied*, 154 Fed. Cl. 640 (2021); *E.S. v. Sec'y of Health & Hum. Servs.*, No. 17-480V, 2020 WL 9076620, at \*40, 43 (Fed. Cl. Spec. Mstr. Nov. 13, 2020), *mot. for review denied*, 154 Fed. Cl. 149 (2021); *McKown v. Sec'y of Health & Hum. Servs.*, No. 15-1451V, 2019 WL 4072113, at \*44–45 (Fed. Cl. Spec. Mstr. July 15, 2019). Indeed – present counsel litigated many of these claims himself. The Act does not require that the same theory rejected so many times before must be relitigated by the Program ad infinitum (especially in the absence of new compelling evidence). Rather, special masters are expressly empowered to rely on their expertise, earned in adjudicating Program cases, in subsequent similar matters. To suggest that they should ignore what they have learned in that process reveals a complete miscomprehension of the Program's underlying goals and purposes.

### Conclusion

Thus, Petitioner has failed to establish equitable tolling. **This case is dismissed for being untimely filed. The Clerk of Court shall enter judgment accordingly.[4]**

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

received a VIS following the vaccinations. Exhibit 3 at 1. The notation for the 2015 HPV vaccination in exhibit 3 contains minimal information compared to the other HPV vaccinations which suggests that this vaccination was administered at a different medical facility. Looking at exhibit 4 (from which exhibit 3 is extracted), a Tdap vaccination administered on the same date as the 2015 HPV vaccination states that the source of the vaccination information is from MIIC, the Minnesota Immunization Information Connection, i.e., the vaccination was administered at another facility and basic vaccination information was imported. Thus, Petitioner has not provided the vaccine administration record for the 2015 HPV vaccination to determine whether VIS or other information was provided to her.

[4] If Petitioner wishes to bring a civil action, she must file a notice of election rejecting the judgment pursuant to § 21(a) "not later than 90 days after the date of the court's final judgment."